# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY PRIME, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>MANHATTAN ASSOCIATES, INC., EDDIE CAPEL, and DENNIS B. STORY,<br><br>    Defendants. | Civil Action No.<br>1:25-cv-00992-TRJ |
| CITY OF ORLANDO POLICE OFFICERS' PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>MANHATTAN ASSOCIATES, INC., EDDIE CAPEL, and DENNIS B. STORY,<br><br>    Defendants. | Civil Action No.<br>1:25-cv-02089-TRJ |

## JOINT MOTION TO CONSOLIDATE

Plaintiff Timothy Prime ("Prime"), Plaintiff City of Orlando Police Officers' Pension Fund ("City of Orlando"), and Defendants Manhattan Associates, Inc. ("Manhattan Associates"), Eddie Capel, and Dennis B. Story (collectively, "Defendants," and, with Prime and City of Orlando, the "Parties"), by and through their counsel, respectfully move this Court to consolidate the above-styled cases. In

support of the Motion, the Parties state as follows:

1. On February 25, 2025, Prime, an alleged shareholder of Manhattan Associates, filed a putative securities class action in this Court alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5 promulgated thereunder. *See Prime v. Manhattan Associates, Inc., et al.*, Civil Action No. 1:25-cv-00992-TRJ (N.D. Ga.) (the "*Prime* Action"), Dkt. No. 1.

2. On April 15, 2025, City of Orlando, an alleged shareholder of Manhattan Associates, filed a substantially similar lawsuit[1] against Defendants alleging violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 promulgated thereunder. *See City of Orlando Police Officers' Pension Fund v. Manhattan Associates, Inc., et al.*, Civil Action No. 1:25-cv-02089-TRJ (N.D. Ga.) (the "*City of Orlando* Action"), Dkt. No. 1.

3. Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. Fed. R. Civ. P.

---

[1] The primary difference between the two actions is the putative class period. Prime seeks to represent "all investors who purchased or otherwise acquired Manhattan Associates securities between October 22, 2024, to January 28, 2025, inclusive." *See Prime*, Dkt. No. 1 at ¶ 1. City of Orlando seeks to represent "all persons or entities that purchased or otherwise acquired Manhattan Associates securities between July 24, 2024 and February 7, 2025, inclusive." *See City of Orlando*, Dkt. No. 1 at ¶ 1.

42(a).

4.      The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this action [has been] filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Federal Rule of Civil Procedure 42(a).[2]

5.      Courts recognize that securities class actions, like the *Prime* Action and the *City of Orlando* Action, are ideally suited to consolidation because their unification expedites the proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See*, *e.g.*, *Rauch v. Vale S.A.*, 378 F. Supp. 3d 198, 204–05 (E.D.N.Y. 2019) ("Absent prejudice to the defendants, '[c]onsolidation of multiple actions alleging securities fraud is appropriate where those actions relate to the same public statements and reports,' and 'the actions need not be identical to allow for consolidation.'") (citations omitted); *Mitchell v. Complete Mgmt., Inc.*, No. 99-CV-1454 (DAB), 1999 WL 728678, at *1 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same

---

[2] The PSLRA requires the Court to consider a motion to consolidate prior to deciding a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii). Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." *Id.*

'public statements and reports' consolidation is appropriate if there are common questions of law and fact and the defendants will not be prejudiced.") (citation omitted).

6. The *Prime* Action and the *City of Orlando* Action present similar factual and legal issues. Each action (1) names the same Defendants; (2) asserts the same claims under the Exchange Act; (3) presents the same theories for recovery; and (4) is based on the same allegedly wrongfully course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

7. The difference in the putative class periods, *see* Note 1 *supra*, does not preclude consolidation of the *Prime* Action and the *City of Orlando* Action. *See*, *e.g.*, *Rauch*, 378 F. Supp. 3d at 204–05 ("[d]ifferences in . . . the class period do not render consolidation inappropriate if the cases present sufficiently common questions of fact and law") (citation omitted); *Kaplan v. Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007), *on reconsideration in part sub nom. In re IMAX Sec. Litig.*, No. 06CIV6128, 2009 WL 1905033 (S.D.N.Y. June 29, 2009) (same).

8. WHEREFORE, for the above reasons and for such other reasons that the Court may find to be appropriate, the Parties respectfully request that their Joint Motion to Consolidate be granted. A proposed order is attached hereto as Exhibit 1.

Respectfully submitted, this 25th day of April, 2025.

| | |
|---|---|
| */s/ David A. Bain* | */s/ B. Warren Pope* |
| David A. Bain | B. Warren Pope |
| Georgia Bar No. 032449 | Georgia Bar No. 583723 |
| LAW OFFICES OF DAVID A. BAIN, LLC | Bethany M. Rezek |
| 1230 Peachtree Street, NE | Georgia Bar No. 553771 |
| Suite 1050 | KING & SPALDING LLP |
| Atlanta, Georgia 30309 | 1180 Peachtree Street, N.E. |
| Telephone: (404) 724-9990 | Atlanta, Georgia 30309-3521 |
| Facsimile: (404) 724-9986 | Telephone: (404) 572-4600 |
| dbain@bain-law.com | Fax: (404) 572-5100 |
| | wpope@kslaw.com |
| | brezek@kslaw.com |
| Adam M. Apton | |
| LEVI & KORSINSKY, LLP | *Counsel for Defendants Manhattan Associates, Inc., Eddie Capel, and Dennis B. Story* |
| 33 Whitehall Street, 17th Floor | |
| New York, New York 10004 | |
| Telephone: (212) 363-7500 | |
| Facsimile: (212) 363-7171 | |
| aapton@zlk.com | |

*Counsel for Plaintiff Timothy Prime*

*/s/ Jonathan R. Chally*
Jonathan R. Chally
Georgia Bar No. 141392
Katherine L. D'Ambrosio
Georgia Bar No. 780128
COUNCILL, GUNNEMANN & CHALLY, LLC
75 14th Street, NE, Suite 2475
Atlanta, Georgia 30309
Telephone: (404) 407-5250
Facsimile: (404) 600-1624
jchally@cgc-law.com
kdambrosio@cgc-law.com

Francis P. McConville
Guillaume Buell
Connor C. Boehme
LABATON KELLER SUCHAROW LLP
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
gbuell@labaton.com
cboehme@labaton.com

Robert D. Klausner
Stuart Kaufman
KLAUSNER, KAUFMAN, JENSEN & LEVINSON
7080 Northwest 4th Street
Plantation, Florida 33317
Telephone: (954) 916-1202
bob@robertdklausner.com
stu@robertdklausner.com

*Counsel for Plaintiff City of Orlando Police Officers' Pension Fund*

## **RULE 7.1(D) CERTIFICATION**

The undersigned counsel certifies that this document has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1(C).

Respectfully submitted, this 25th day of April, 2025.

> */s/ B. Warren Pope*
> B. Warren Pope
> Georgia Bar No. 583723
>
> *Counsel for Defendants Manhattan Associates, Inc., Eddie Capel, and Dennis B. Story*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day a copy of the foregoing was filed and served using the Court's CM/ECF system which will send notification of such filing to ECF registered participants.

Respectfully submitted, this 25th day of April, 2025.

*/s/ B. Warren Pope*
B. Warren Pope
Georgia Bar No. 583723

*Counsel for Defendants Manhattan Associates, Inc., Eddie Capel, and Dennis B. Story*
